In the Matter of DONNA MARIE NEWBOLD, Respondent, v JOSE GUTIERREZ, Appellant. [992 NYS2d 573]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Queens County (McGowan, J.), dated September 16, 2013, which denied his objections to so much of an order of support of the same court (Blaustein, S.M.), dated August 8, 2013, as awarded the mother child support in the sum of $300 bi-weekly.

Ordered that the order dated September 16, 2013, is modified, on the facts, by deleting the provision thereof denying the father's objection regarding the Support Magistrate's offset of his adjusted gross income in the amount of $4,792.58 for annual child support paid for another child, and substituting therefor a provision granting that objection; as so modified, the order dated September 16, 2013, is affirmed, without costs or disbursements, so much of the order of support dated August 8, 2013, as awarded child support to the mother in the sum of $300 bi-weekly is vacated, and the matter is remitted to the Family Court, Queens County, to recalculate the amount of bi-weekly child support in accordance herewith and thereafter for the entry of an amended order of support.

In calculating the amount of bi-weekly child support owed by the father to the mother, the Support Magistrate took into account, as an offset, the father's obligation to pay court-ordered child support to a different woman for another child. The Support Magistrate credited the father with paying the sum of $4,792.58 annually for this other court-ordered child support and included that amount as an offset to his adjusted gross income used in calculating his obligation to pay child support in the instant matter. The Support Magistrate erred, however, in her calculation of this offset. The order of support with respect to the other child indicates that the father is paying $184.33 per week in child support, which amounts to $9,585.16 in annual child support, not the lower sum of $4,792.58, as calculated by the Support Magistrate. Since the Support Magistrate miscalculated the amount of this offset in determining the father's child support obligation, the Family Court should have granted the

father's objection pertaining to this issue and adjusted the amount of his bi-weekly child support obligation accordingly. Therefore, we remit the matter to the Family Court, Queens County, to recalculate the amount of bi-weekly child support, taking into account the amount of $9,585.16 as an offset to the father's adjusted gross income for the father's other child support obligation, and thereafter for the entry of an amended order of support.

The father's remaining contentions are without merit. Skelos, J.P., Dickerson, Austin and Duffy, JJ., concur.